UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:18-cr-56-VMC-CPT

MARTIRES LIBORIO
SERRANO CHIQUITO

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Martires Liborio Serrano Chiquito's pro se Motion for Compassionate Release (Doc. # 86), filed on August 8, 2022. The United States responded on August 29, 2022. (Doc. # 89). For the reasons set forth below, the Motion is denied.

**I.  Background**

On July 20, 2018, the Court sentenced Chiquito to 97 months' imprisonment for conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Doc. # 79). Chiquito is 61 years old and is projected to be released on December 25, 2024.[1]

_____

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

1

In the Motion, Chiquito seeks compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, because he has an unspecified heart condition, an elderly mother and epileptic daughter, and is concerned about his risk of contracting COVID-19. (Doc. # 86-2 at 2, 4). The United States has responded (Doc. # 89), and the Motion is now ripe for review.

## II. **Discussion**

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). In the Motion, Chiquito argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of

2

compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, the United States appears to concede that Chiquito has exhausted his administrative remedies. (Doc. # 89 at 5). But the United States argues that Chiquito has failed to establish an extraordinary and compelling reason for release. (Id. at 5-7).

The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Chiquito bears the burden of establishing that compassionate

release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Here, Chiquito argues that he fits within the second category because he has an unspecified heart condition and his prison has allegedly failed to provide him with his unspecified medication for that condition. (Doc. # 86-2 at 2). However, Chiquito has not demonstrated that his condition is so serious that it substantially diminishes his ability to provide self-care in prison. See USSG § 1B1.13, comment. (n.1); see also United States v. Rodriguez-Campana, No. 18-CR-60250, 2021 WL 602607, at *4-5 (S.D. Fla. Feb. 16, 2021) (denying motion for compassionate release filed by inmate who suffered from hypertension, high cholesterol, prediabetes, and had a history of lung problems, where inmate had failed to demonstrate that "any of his present ailments are terminal, that they substantially diminish his ability to provide self-care within the correctional facility, or that they are not being properly attended to by the BOP"). Indeed, he has failed to even identify the specific heart condition from which he allegedly suffers or medical records indicating the existence of the condition or what medications he is prescribed for the

4

condition. Additionally, he acknowledged that he does not require durable medical equipment such as a wheelchair, or assistance with self-care such as bathing, walking, or toileting. (Doc. # 86-2 at 2). Thus, Chiquito's heart condition does not warrant release.

Additionally, to the extent Chiquito argues that his family circumstances and the COVID-19 pandemic justify compassionate release (Id. at 4), he is incorrect. The medical conditions of his mother and daughter, while unfortunate, are not extraordinary or compelling reasons for compassionate release under the binding policy statement. USSG § 1B1.13, comment. (n.1). Furthermore, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the BOP's] statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Finally, the 18 U.S.C. § 3553(a) factors do not support compassionate release. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime. As the United States emphasizes,

releasing Chiquito after he has served only half of his sentence "would result in a sentence that fails to reflect the seriousness of the offense, that fails to promote respect for the law, and that fails to provide just punishment for the offense." (Doc. # 89 at 6-9).

Because his Motion clearly lacks merit, Chiquito's informal request for appointment of counsel is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Martires Liborio Serrano Chiquito's pro se Motion for Compassionate Release (Doc. # 86) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of August, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE